**[ECF No. 51]**

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **NAIYM HICKERSON-COOPER,**<br><br>Plaintiff,<br><br>v.<br><br>**DOLLAR GENERAL CORPORATION,** et al.,<br><br>Defendants. | Civil No. 22-5755 (RMB/EAP) |

**OPINION**

This matter comes before the Court on the motion of Defendant Divisions, Inc. d/b/a Divisions Maintenance Group ("Divisions") seeking leave to file a third-party complaint against non-party Evergreen Consolidated, LLC ("Evergreen"), ECF No. 51 ("Def.'s Motion"). Plaintiff Naiym Hickerson-Cooper filed a brief in opposition, ECF No. 52 ("Pl.'s Opp."), and Divisions filed a reply brief, ECF No. 53 ("Def.'s Reply"). The Court has reviewed the parties' submissions and held oral argument on the motion. Based on the oral argument, the Court ordered the parties to submit supplemental briefing on the jurisdictional implications of the motion. *See* ECF No. 64. The Court has received and reviewed the parties' respective supplemental briefing. *See* ECF Nos. 65, 66. For the reasons that follow, Divisions' motion to file a third-party complaint is **GRANTED**.

## BACKGROUND

This personal injury case arises out of Plaintiff's fall on ice in the parking lot of a Dollar General store in Clayton, New Jersey, owned and operated by Defendant Dolgencorp, LLC.[1] On August 23, 2022, Plaintiff filed a Complaint in New Jersey Superior Court, Atlantic County, alleging that his fall was due to Dolgencorp, LLC's negligence. *See* ECF No. 1, Ex. A. Plaintiff alleges that he has "suffered serious personal injuries, would suffer severe physical and mental pain and suffering, was prevented from pursing his usual activities, and has significant permanent disabilities." *Id.* ¶ 12. Dolgencorp, LLC timely removed this matter to federal court on September 28, 2022. *See* ECF No. 1. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Dolgencorp, LLC answered the Complaint on October 13, 2022. *See* ECF No. 3.

On November 9, 2022, the Court held an initial conference, and the case proceeded into discovery. As discovery progressed, Dolgencorp, LLC identified Divisions as the entity with which it had contracted to provide snow and ice removal services at the Clayton store. *See* Pl.'s Opp. at 2. Accordingly, and with Dolgencorp LLC's consent, Plaintiff filed an Amended Complaint, naming Divisions as a defendant in this matter. *See* ECF Nos. 12, 13. On March 27, 2023, Dolgencorp, LLC answered the Amended Complaint, and asserted a cross-claim against Divisions. *See* ECF No. 22. On March 30, 2023, Divisions answered the Amended Complaint and the cross-claim. *See* ECF No. 23.

On December 1, 2023, counsel for Divisions wrote a letter to the Court, advising that after an investigation, Divisions learned that it had subcontracted the snow and ice removal services for the Clayton Dollar General store to Evergreen Consolidated, LLC d/b/a Nicely Done Landscaping

---

[1] The parties filed a Stipulation substituting Dolgencorp, LLC for the original Defendant, Dollar General Corporation. The parties also agreed to dismiss Defendant 706 Delsea Associates, LLC without prejudice. *See* ECF No. 7.

("Evergreen"). Divisions asserts that Evergreen "bears responsibility as it relates to the snow and ice treatment in the parking lot in question." ECF No. 48. On January 5, 2024, Divisions filed the present motion, seeking leave to file a third-party complaint against Evergreen. *See* Def.'s Motion. Divisions seeks to add the following claims against Evergreen: Negligence (Count I); Breach of Contract (Count II); and Contractual Indemnification (Count III). *See generally id.*, Ex. A. On January 17, 2024, Plaintiff filed opposition. *See* Pl.'s Opp. On January 22, 2024, Divisions filed a reply. *See* Def.'s Reply.

On May 28, 2024, the Court held oral argument on the motion. *See* ECF No. 63. The Court ordered the parties to submit supplemental briefing on whether the addition of third-party Evergreen, a New Jersey corporation, would destroy diversity jurisdiction.[2] *See* ECF No. 64. The Court has reviewed the supplemental briefing; and the motion is now ripe for disposition.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 14 governs third-party practice. "The purpose of Rule 14(a) is to avoid circuity of action and multiplicity of litigation." *Spencer v. Cannon Equip. Co.*, No. 07-2437, 2009 WL 1883929, at *2 (D.N.J. June 29, 2009). According to the Rule, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). If the defending party files a third-party complaint more than fourteen days after serving its original answer, the defending party must obtain the court's leave to file a third-party complaint. *Id.*; *see XL Specialty Ins. Co. v. PCS Wireless Warehouse, Inc.*, No. 18-17210, 2020 WL 967855, at *2

---

[2] Although Evergreen is a New Jersey corporation, its potential entry into this case as a third-party defendant does not destroy diversity jurisdiction. *See Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 169 (3d Cir. 1999) ("[A] third-party defendant joined under Federal Rule of Civil Procedure 14 does not become a defendant as against the original plaintiff, so that federal jurisdiction is not destroyed where those parties are citizens of the same state."). The parties do not dispute that conclusion. *See* ECF Nos. 65, 66.

3

(D.N.J. Feb. 28, 2020).

The decision to grant leave to file a third-party complaint is within the sound discretion of the Court. *See Somportex Ltd. v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435, 439 (3d Cir. 1971); *LM Ins. Co. v. All-Ply Roofing Co.*, No. 14-4723, 2017 WL 1136669, at *2 (D.N.J. Mar. 27, 2017) (quoting *Spencer*, 2009 WL 1883929, at *2). Like a motion to amend pursuant to Rule 15(a)(2), a joinder request under Rule 14(a) should be "liberally granted when justice so requires." *XL Specialty Ins. Co.*, 2020 WL 967855, at *2 (quoting *Ryan v. Collucio*, 183 F.R.D. 420, 423 (D.N.J. 1998)); *see United States v. Yellow Cab Co.*, 340 U.S. 543, 556 (1951) (noting the purpose of joinder is "to facilitate, not to preclude, trial of multiple claims which otherwise would be triable only in separate proceedings").

The Third Circuit has instructed that "courts should permit impleader unless 'it will delay or disadvantage the existing action and the third-party claim obviously lacks merit.'" *Wilson v. Beekman*, 198 F. App'x 239, 241 (3d Cir. 2006) (quoting 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 1443 (2d ed. 1990)). To determine whether leave should be granted, courts consider the following factors: "'(1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of issues at trial; and (4) prejudice to the original plaintiff.'" *Igenomix, LLC v. Senergene Sols., LLC*, No. 21-20495, 2023 WL 4744283, at *3 (D.N.J. July 25, 2023) (quoting *Meehan v. Bath Auth., LLC*, No. 18-17444, 2021 WL 130483, at *2 (D.N.J. Jan. 14, 2021) (internal quotation marks omitted)).[3] The Court

---

[3] The Court notes that Divisions filed its motion after the deadline to amend the pleadings had passed. If a motion for leave to amend is filed after a court-ordered deadline, then the party seeking leave to amend must establish good cause to modify the scheduling order under Federal Rule of Civil Procedure 16(b)(4). *See Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020); Fed. R. Civ. P. 16(b) Advisory Committee Notes to 1983 Amendments ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). To establish good cause, the movant must show "that their delay in filing the motion to amend stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply

considers these factors in turn.

**DISCUSSION**

**I.        Rule 14 Analysis**

In this case, Plaintiff opposes Divisions' motion, arguing that Divisions waited too long to add Evergreen.  Pl.'s Opp. at 5-6.  Plaintiff challenges Divisions' factual predicate for the motion and argues that Divisions was not diligent in pursuing the amendment.  *See id.*  Plaintiff believes that the amendment will result in significant delays as Evergreen will want to engage in discovery anew.  *See id.*

     A.        <u>Timeliness of the Motion</u>

A district court may deny leave to amend when the amendment would cause undue delay. "Undue delay is 'protracted and unjustified'—it 'can place a burden on the court or counterparty' or show 'a lack of diligence sufficient to justify a discretionary denial of leave.'" *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019) (quoting *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017)).  Indeed, the Third Circuit has found that "[a] district court may deny leave to amend when the movant delays completion of discovery" or when the amendment "would fundamentally alter the proceeding and could have been asserted earlier." *Spartan Concrete Prods., LLC*, 929 F.3d at 115-16 (cleaned up) (citations omitted).  To determine undue delay, the Court must focus on the moving party's diligence. *Spencer*, 2009 WL 1883929, at *3; *see also, e.g.*, *Campbell v. N.J. Transit Rail Operations Inc.*, No. 17-5250, 2021 WL 5413983, at *2-3 (D.N.J. Nov. 18, 2021) (finding a motion untimely when the defendant moved to implead a

---

with the Scheduling Order." *Young v. United States*, 152 F. Supp. 3d 337, 353 (D.N.J. 2015) (citation and internal quotation marks omitted).  Here, the deadline to amend pleadings or add new parties expired on December 30, 2022, *see* ECF No. 8, but the Amended Complaint adding Divisions into the case was not filed until January 13, 2023, *see* ECF No. 13.  It would have been impossible for Divisions to comply with this court-ordered deadline.  Accordingly, the Court finds good cause to consider Defendant's motion on its merits.

third-party defendant four years after the defendant "had in its possession the basic facts necessary" to file its motion); *Meehan*, 2021 WL 130483, at *2 (finding a motion untimely when filed over a year late and after the close of discovery); *Rivera v. K-Mart Corp.*, No. 05-76, 2009 WL 196324, at *2 (D.V.I. Jan. 27, 2009) (denying joinder three years into case when the basis for the amendment was the contract executed prior to the lawsuit); *United Van Lines, LLC v. Lohr Printing, Inc.*, No. 11-4761, 2014 WL 4354109, at *4 (D.N.J. Sept. 3, 2014) (denying joinder based on allegations stemming from an event that occurred two years prior).

Here, Plaintiff argues that Divisions' motion is untimely because it had the facts necessary to file its motion "at the very least as of August 3, 2023." Pl.'s Opp. at 5. On that date, Divisions identified Evergreen in its initial disclosures; provided Evergreen's Certificate of Liability Insurance; and also provided a copy of the agreement for snow removal services between Evergreen and Divisions. *Id.* Divisions counters that it could not confirm that Evergreen "performed snow and ice removal services at the subject premises prior to Plaintiff's alleged slip and fall[,] . . . trigger[ing] Evergreen's duty to inspect and monitor" until December 2023—one month before the motion was filed. Def.'s Reply at 3. At oral argument, Divisions confirmed that their investigation revealed a "good faith basis" to believe that Evergreen had in fact performed snow and ice removal services at the relevant location, which, in Divisions' view, triggered Evergreen's duty to continue to inspect the premises pursuant to the governing agreement. Notably, Plaintiff has not identified a specific injury that will flow from joining Evergreen at this juncture. *See* Pl.'s Opp. at 5-6. Accepting Divisions' explanation, the Court finds that any delay is not sufficiently prolonged to justify a denial of the motion.

B.  Probability of Trial Delay

"[D]elay is inevitable in most if not all Rule 14 situations." *Spencer*, 2009 WL 1883929, at *4. But another Court in this District aptly observed that "[i]f the inevitable delay and

complexity were dispositive considerations . . . few Rule 14(a) motions would be granted." *Id.* Therefore, both factors "must be weighed against the alternative prospect of two separate trials and the need for attempting to coordinate, and in the end possibly consolidate, the matter for the sake of judicial economy." *Id.*

Plaintiff argues that, should Evergreen join the case, it "will result in significant delays because Evergreen will certainly want to engage in paper discovery, depositions of prior witnesses and potentially new witnesses, and expert review and reports." Pl.'s Opp. at 6.

Here, consideration of any potential delay is outweighed by this Court's concern for preempting multiplicity of litigation and increasing judicial economy. *See Est. of Hennis v. Balicki*, No. 16-4216, 2019 WL 161505, at *5 (D.N.J. Jan. 10, 2019) (finding that "judicial economy will undoubtedly be best served by permitting [t]hird-[p]arty [p]laintiffs to seek indemnification and/or contribution . . . in these proceedings, rather than through a separate lawsuit at a later time"). If Divisions was required to bring a separate action against Evergreen, that case would involve overlapping, if not identical, discovery and witnesses. Moreover, discovery is ongoing, and a trial date has not yet been set. *Compare Hercules Inc. v. Del. Valley Scrap Co.*, No. 08-4391, 2009 WL 10690434, at *1 (D.N.J. Sept. 23, 2009) ("[G]ranting this motion will in no way delay trial as a trial date has not been set and the discovery deadlines can be extended."), *with Meehan*, 2021 WL 130483, at *2 (denying a motion to file third-party complaint where discovery had already ended). Accordingly, the Court finds that impleading Evergreen will not delay trial.

C. <u>Potential for Complication of Issues at Trial</u>

This portion of the analysis requires the Court to weigh the potential for complication of issues at trial "against the alternative prospect of two separate trials . . . for the sake of judicial economy." *Spencer*, 2009 WL 1883929, at *4; *see Hitachi Cap. Am. Corp. v. Nussbaum Sales*

*Corp.*, No. 09-731, 2010 WL 1379804, at *6 (D.N.J. Mar. 30, 2010) (finding that added complexity, "although likely to some extent, does not supersede concern for consolidating this matter for the sake of judicial economy. Indeed . . . there is a potential advantage to [the p]laintiff in having the [third party] in the action, if nothing else for the purposes of settlement negotiations.").

Courts in this District have found that this factor weighs against joinder only where the addition of a third-party would introduce significant complications. For example, in *Panchisin v. Torres*, No. 11-5144, 2012 WL 5880346, at *3 (D.N.J. Nov. 20, 2012), the court found this factor weighed against granting a motion to amend where the plaintiff sought to implead ten new third-party defendants. Similarly, in *Wells Fargo Bank, N.A. v. CCC Atl., LLC*, No. 12-521, 2013 WL 12156419, at *3 (D.N.J. Aug. 14, 2013), the court found this factor weighed against granting a motion where the third-party complaint would have turned "a fairly straightforward foreclosure action" into a "complicated morass involving multiple claims and parties," and noted that "further complication and delay will result from the fact that a jury has to hear the third-party claims while the foreclosure claims will be heard without a jury." This case is far simpler. The Court does not find that the addition of one new party, Divisions' subcontractor, would meaningfully complicate the issues at trial before a jury. Moreover, were Divisions to file a separate action against Evergreen, discovery in both actions would likely overlap or need to be coordinated because of the interrelation of facts and claims. The Court also notes that Plaintiff does not make any argument regarding this factor. Under these circumstances, the Court finds that the joinder of Evergreen would not unduly complicate the issues at trial.

D.     <u>Prejudice to the Original Plaintiff</u>

Although Plaintiff does not explicitly argue that he will suffer any prejudice should Divisions' motion be granted, he argues that granting the motion will "needlessly and unfairly

8

cause significant delays in the resolution of Plaintiff's claims." Pl.'s Opp. at 6. But merely "waiting a little longer for his day in court" is insufficient grounds to establish prejudice in the Rule 14 context. *Spencer*, 2009 WL 1883929, at *4; *see also Panchisin*, 2012 WL 5880346, at *3 (internal quotations and citation omitted) ("Prejudice must be undue and rise to the level that the non-moving party would be unfairly disadvantaged or deprived of the opportunity to present facts or evidence[.]"). Moreover, "adding additional parties who may share liability for Plaintiff's injuries may be a welcome development for Plaintiff because it may provoke overall resolution without trial." *Spencer*, 2009 WL 1883929, at *4. Given Plaintiff's failure to articulate any specific prejudice, and the Court not finding any, the Court concludes that Plaintiff would not suffer undue prejudice by the amendment.

## II.   Meritoriousness of the Proposed Third-Party Claims

Under Rule 14, a defendant may join third-parties who are derivatively, but not directly, liable for the conduct set forth in the original plaintiff's complaint. Thus, "[a] third-party claim may be asserted under Rule 14(a) only when the third-party's liability is in some way dependent on the outcome of the main claim or when the third-party is secondarily liable to defendant." *F.D.I.C. v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994); *see Meehan*, 2021 WL 130483, at *1 ("'A third-party plaintiff's claim must present a theory upon which the third-party defendant can be liable to the third-party plaintiff under some theory of secondary liability, i.e., indemnification, contribution, or some other theory of derivative liability recognized by relevant substantive law.'" (quoting *Ronson v. Talesnick*, 33 F. Supp. 2d 347, 356 (D.N.J. 1999)); *Wilhelm Reuss GmbH & Co. KG, Lebensmittel Werk v. E. Coast Warehouse & Distrib. Corp.*, No. 16-4370, 2017 WL 6055775, at *2 (D.N.J. Dec. 6, 2017) (noting that impleader "is only proper under R[ule] 14(a) when a right to relief exists under substantive law").

Accordingly, "[c]ourts have stringently followed the rule that a third[-]party complaint may not set forth a claim of the third[-]party defendant's liability to the plaintiff," and therefore, a "theory that another party is the correct defendant is not appropriate for a third[-]party complaint." *Slater v. Skyhawk Transp., Inc.*, 187 F.R.D. 185, 203 (D.N.J. 1999) (quoting *Toberman v. Copas*, 800 F. Supp. 1239, 1242 (M.D. Pa. 1992)). Stated differently, "[a] third-party complaint may not set forth a claim that the third[-]party defendant is directly liable to the original plaintiff; it is limited to claims of secondary or derivative liability." *In re One Meridian Plaza Fire Litig.*, 820 F. Supp. 1492, 1496 (E.D. Pa. 1993).

However, once a movant adequately impleads a third-party under Rule 14 as to one claim, "the third-part[y] plaintiff is permitted to bring additional, independent claims for damages against the third-party defendant pursuant to Rule 18." *LaBar Vill. Cmty. Ass'n, Inc. v. Rodrigues*, No. 08-1010, 2009 WL 10685609, at *4 (M.D. Pa. Mar. 3, 2009) (citing cases). To do so, the movant must demonstrate that the claims added under Rule 18—those that assert the direct liability of a third-party to the original plaintiff—arise from the same transaction, occurrence, or series of events as the original complaint. *Id.* With those principles in mind, the Court will address each of the claims in the proposed third-party complaint.

### A. Count One: Negligence

In the proposed third-party complaint, Divisions asserts a claim of negligence against Evergreen, alleging that "Evergreen owed a duty to inspect and provide ice removal services at the subject premises prior to Plaintiff's alleged fall." Def.'s Motion, Ex. A, ¶ 11. Divisions essentially alleges that they are the wrong defendant in Plaintiff's underlying claim. Unlike Divisions' contractual indemnity claim discussed *infra*, its negligence claim against Evergreen is not a secondary or derivative claim, which is improper under Rule 14. *See Slater*, 187 F.R.D. at 203 ("'A theory that another party is the correct defendant is not appropriate for a third[-]party

10

complaint.'" (quoting *Toberman*, 800 F. Supp. at 1242)).

Regardless, Divisions' negligence claim may be joined under Rule 18 if Evergreen is properly added as a third-party defendant to a different claim. *See Schwab v. Erie Lackawanna R.R. Co.*, 438 F.2d 62, 70 (3d Cir. 1971). When read in conjunction with Rule 14, Rule 18 permits a third-party plaintiff to assert an additional "affirmative claim for damages" against a third-party defendant. *Id*. at 71. "Thus, once a third-party defendant is properly impleaded under Rule 14(a), the third-part[y] plaintiff is permitted to bring additional, independent claims for damages against the third-party defendant pursuant to Rule 18." *LaBar Vill. Cmty. Ass'n, Inc.*, 2009 WL 10685609, at *4 (citing cases). However, an additional claim for damages must arise out of the same transaction, occurrence, or series of events as the original complaint. *Id*. (citations omitted). Here, Divisions' negligence claim arises out of the same series of events—Plaintiff's fall and the alleged failure to remove the ice on which he fell. *See* Def.'s Motion, Ex. A, ¶ 11.

In summary, while Divisions cannot exclusively bring a negligence claim for damages against Evergreen in a third-party complaint filed pursuant to Rule 14, it can assert that claim as an additional affirmative claim under Rule 18 if Evergreen is brought in as a third-party defendant under another proper derivative claim. Thus, the Court's assessment of whether Divisions' breach of contract or contractual indemnification claim is sufficiently derivative will determine Divisions' ability to bring its negligence claim under Rule 18.

B. <u>Count Two: Breach of Contract</u>

In the proposed third-party complaint, Divisions also asserts a claim of breach of contract. Def.'s Motion, Ex. A, ¶¶ 15-23 (Count II). Divisions alleges that under their "Snow Service Agreement" with Evergreen, "Evergreen was obligated to spread salt on the parking lot," and that if Plaintiff's allegations are established "then Evergreen has breached their contractual obligations owed to Divisions." *Id.*, Ex. A, ¶¶ 18-19.

11

Here, Evergreen's liability is "dependent on the outcome of the main claim"; therefore, it is appropriately brought under Rule 14(a). *See F.D.I.C.*, 27 F.3d at 873. At this juncture, the Court cannot find that Divisions' breach of contract claim obviously lacks merit. *See Wilson*, 198 F. App'x at 241 (quotation omitted). Because Divisions' breach of contract claim can be appropriately joined under Rule 14, Divisions' negligence claim in Count I of the proposed third-party complaint also can be appropriately joined under Rule 18.

C. <u>Count Three: Contractual Indemnity</u>

"New Jersey's common law of indemnification is 'context-sensitive.'" *Premier Health Assocs., LLC v. Med. Tech. Sols.*, No. 17-331, 2019 WL 1466192, at *3 (D.N.J. Apr. 3, 2019). The general rule is that "[i]ndemnification is available under New Jersey law in two situations: when a contract explicitly provides for indemnification or when a special legal relationship between the parties creates an implied right to indemnification." *Borough of Edgewater v. Waterside Constr., LLC*, No. 14-5060, 2021 WL 4059850, at *11 (D.N.J. Sept. 3, 2021) (quoting *Fireman's Fund Ins. Co. v. 360 Steel Erectors, Inc.*, No. 16-2782, 2018 WL 1069417, at *4 (D.N.J. Feb. 26, 2018)).

In support of its motion, Divisions alleges that the "Master Provider Agreement" between Divisions and Evergreen included the following indemnification provision:

> [Evergreen] shall indemnify, defend, and hold harmless Divisions, its clients and customers, the Owner and all of their respective tenants, lessees, shareholders, members, managers, officers, directors, representatives, agents, other subcontractors, employees and any other person or entity claiming through them and any other person or entity acting in a similar capacity (collectively, "Indemnitees") from and against all claims, actions, demands, suits, judgments, damages, losses, awards, expenses and any other charges of any other kind (singularly, "Loss" and collectively, "Losses") including, but not limited to, reasonable attorney's fees that are alleged to or actually arise out of relate to, or are incurred in connection, in whole or in part with: (a) the negligent or intentional acts or omissions of Provider, its agents, representatives, officers, directors, shareholders, members, managers, employees, subcontractors, material suppliers, equipment providers, or any other person or entity acting in a similar capacity on

12

behalf of Provider; (b) the performance or non-performance Provider's Work under this Agreement or the other Contract Documents; and/or (c) breach by Provider of any representation, warranty or other provision of this Agreement or the other Contract Documents, including but not limited to the enforcement of Provider's duty to defend and indemnify against Losses.

Def.'s Motion, Ex. A, ¶ 25; Ex. B, ¶ 17.

Where a defendant brings a straightforward claim of contractual indemnity, Rule 14(a) is satisfied. *See F.D.I.C.*, 27 F.3d at 873; *Meehan*, 2021 WL 130483, at *1. At this time, Divisions' breach of contract claim appears meritorious. *See Wilson*, 198 F. App'x at 241 (quotation omitted). Given that a right to relief exists under the applicable substantive law, this claim can be properly joined under Rule 14.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant Divisions, Inc.'s motion for leave to file a third-party complaint. An appropriate Order shall follow.

s/ Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc:   Hon. Renée M. Bumb, U.S.D.J.

13